IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

IN THE MATTER OF THE SEARCH OF:
Black Samsung Galaxy Cellphone,
International Mobile Subscriber Identity No.
310260446621189
CURRENTLY LOCATED AT EVIDENCE
STORAGE, D.E.A. HEADQUARTERS, ST.
CROIX, U.S. VIRGIN ISLANDS

Case No. 1:23-mj-6

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Yusuf J. Adeen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (hereinafter "HSI"). and have been since September, 2009. I graduated from the Criminal Investigator Training Program in 2009 at the Federal Law Enforcement training Center (FLETC) in Georgia; I am also a graduate of ICE Special Agent Basic Training in 2010 at FLETC; and have served a HSI Special Agent since September 2009. I also graduated from the ICE Deportation training at FLETC in 2006; and have served as a Deportation Officer and Immigration Enforcement Agent from 2006 to 2009. As a Special Agent with HSI, I have been granted authority to conduct criminal investigations relating to narcotics and

weapons offenses. I have conducted several criminal investigations relating to offences against the United States. In my professional career as a Special Agent with HSI, I have investigated criminal and civil violations of the Controlled Substances Act. In connection with my duties and responsibilities as a law enforcement officer, I have testified in judicial proceedings for violations of laws concerning controlled substances. I have participated in drug trafficking investigations, including investigations that have resulted in felony arrests for violations of Title 21 of the United States Code.

2. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

3. The property to be searched is a black Samsung cellphone, Galaxy model, International Mobile Subscriber Identity number 310260446621189. The Device is currently located at evidence storage, D.E.A./HIDTA, St. Croix, U.S. Virgin Islands.

4. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

5. I seek the Court's authorization to search the aforementioned cellular telephone for evidence and materials relating to offenses committed by Edward SALDANA for violations of Title 21 U.S. Code, Section 841, possession of cocaine, a Schedule II-controlled substance, with the intent to distribute and Title 21 U.S. Code Section 846, attempt and conspiracy as charged in a criminal complaint dated January 26, 2023.

6. The information in this affidavit is based upon my personal knowledge, as well as information that I have received from other law enforcement sources. Because this affidavit is made for the limited purpose of establishing probable cause for the issuance of a search warrant, I have not recited each and every fact known to me as a result of this investigation. As a result of my personal participation in this investigation, conversations with other law enforcement officers, reports and other sources, I am familiar with the circumstances described in this affidavit.

7. On/about January 23, 2023, Edward SALDANA and Bianca TORRES were each found in possession of approximately four kilograms of suspected cocaine at the Henry E Rohlsen Airport (HERA). The investigation revealed that TORRES and SALDANA knew each other and were travel companions. TORRES and SALDANA were attempting to smuggle the cocaine from St. Croix, VI to Florida aboard a Spirit Airlines flight. The investigation also revealed that SALDANA was the organizer of this drug smuggling venture and SALDANA had promised to pay TORRES $3,000. The investigation also revealed that the couple had made three previous cocaine smuggling ventures to Ft. Lauderdale that were successful. According to DHS records, SALDANA and TORRES made the following airline trip previously, in conjunction with each other:

TORRES - December 1, 2022; October 13, 2022; August 26, 2022; June 20, 2022.

SALDANA – December 2, 2022; October 13, 2022; August 26, 2022; June 20, 2022.

8. On/about January 23, 2023, SALDANA signed a consent form to allow agents to search his cellular telephone which was in his possession at the time. Subsequent to signing the consent form, Saldana has asked for the return of his phone and has until February 20, 2023 to

submit briefing on the return of the seized cellphone 1. TORRES was also in possession of a cellular phone and signed a consent form to allow agents to search her cellular phone. A preview of TORRES' cell phone shows communications between her and SALDANA. On/about January 16, 2023, SALDANA and TORRES exchanged text messages:

> SALDANA: WYD
>
> TORRES: In my house
>
> SALDANA: U have company
>
> TORRES: no why
>
> SALDANA: I coming de to talk to u, and bull
>
> TORRES: ok but I don't knw about that bulling part, because red light came

9. Based on my training and experience, persons involved in drug trafficking often use codes or certain phrases when communicating about criminal activity. While the January 16, 2023 text conversation between the pair may not have been in code, it is evidence that SALDANA does use the subject phone to relay messages.

10. Based on my training and experience as well as consultation with other law enforcement officers experienced in investigations regarding the forensic examination of digital media, I am aware that cellular telephones store; photographs showing other persons engaged in drug trafficking, voice mail messages, names, telephone numbers, addresses, sent and received text messages, and images on their digital memory.

---

1 See Order of Magistrate Emile A. Henderson III dated February 7, 2023 (ECF No. 20, District Court of the Virgin Islands, Division of St. Croix Case No. 1:23-mj-00004-WAL-EAH).

11. The discovery of the cocaine in possession of Edward SALDANA presents probable cause to believe that SALDANA is likely to have stored evidence of the cocaine trafficking and conspiracy within the digital media of the cellular phone.

12. If search authorities determine that the data contained on the Subject Cellular Phone has no evidentiary value, law enforcement personnel will return the Subject Cellular Phone within a reasonable period of time, not to exceed 45 days.

13. The Device is currently in the lawful possession of HSI/D.E.A. It came into HSI's possession in the following way: seized with consent and also pursuant to border search authority. Therefore, while HSI might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Device will comply with the Fourth Amendment and other applicable laws.

14. The Device is currently in storage at D.E.A./HIDTA office. St. Croix, U.S. Virgin Islands. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of HSI.

## TECHNICAL TERMS

15. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of

transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video,

or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication

devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

g. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

16. Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at https://www.samsung.com/us/, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

18. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   h. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   i. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

j. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

k. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

l. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant. Searching digital media is a highly technical process which requires specific expertise and specialized equipment. There are so many types of digital media in use today that it is not

always possible to have available all the necessary technical manuals and specialized equipment necessary to conduct a thorough search. In addition, it may be necessary to consult with personnel who have specific expertise in the type of digital media that is being searched.

Searches of digital media require the use of precise, scientific procedures which are designed to maintain the integrity of the evidence and to recover "hidden," erased, compressed, encrypted, or password-protected data. Since such data is particularly vulnerable to inadvertent or intentional modification or destruction, a controlled environment, such as a specialized law enforcement laboratory, is essential in conducting an accurate analysis of the equipment and storage devices from which the data will be extracted. The Subject Cellular Phone may be transported to an appropriate law enforcement laboratory for review to determine whether the contents of the Subject Cell Phone contain evidence and instrumentalities of violations of federal law. The Subject Cell Phone and the contents thereof will be reviewed by appropriately trained personnel in order to extract and seize any data that relates to the fruits, instrumentalities, and evidence.

20. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

## REQUEST FOR SEALING

22. It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that online criminals actively search for criminal affidavits and search warrants via the internet and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Yusuf J. Adeen
Special Agent
HSI

Subscribed and sworn to before me
on February 23, 2023:

EMILE A. HENDERSON III
UNITED STATES MAGISTRATE JUDGE